UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 23-3344 (CJN) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

Defendants, the U.S. Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"), hereby respond to Plaintiffs' Statement of Material facts as follows:

1. ICE is a component of DHS and is a federal agency for purposes of FOIA and is subject to FOIA. *See* ECF No. 8 ¶ 6.

   **Response:** Not in dispute.

2. Among its duties, ICE is responsible for immigration enforcement, which includes detention and removal of noncitizens. *Id.*

   **Response:** Not in dispute.

3. Plaintiffs filed their FOIA request on August 29, 2023. At the time, ICE had been holding Mr. Rodriguez Guerra in immigration detention since August 2022. *Id.* ¶ 7.

   **Response**: It is not in dispute that Plaintiffs submitted a FOIA request on August 29, 2023. Defendants lack information as to Rodriguez Guerra's detention history and

1

further state that Rodriquez Guerra's detention history is not a claim for relief in this FOIA action nor do Plaintiffs aver facts regarding a claim of detention.

4. Defendants received Plaintiffs' FOIA request on August 29, 2023. *Id.*

   **Response:** Not in dispute.

5. On September 15, 2023, ICE acknowledged Plaintiffs' request and assigned it a control number of 2023-ICFO-40841. *Id.* ¶ 10.

   **Response:** Not in dispute.

6. Defendants invoked the statutory ten-day extension for responding to the Request. *Id.* ¶ 11.

   **Response:** Not in dispute. However, Defendants clarify that they have fully responded to Plaintiffs' FOIA request and that Plaintiffs were promptly informed, upon receipt of the request, that there would be a delay in responding due to the number of pending FOIA requests. See Ex. B to Plaintiff's complaint, ECF No. 1-2; *see also* the Declaration of Fernando Pineiro ("Pineiro Decl."), Ex. 1 to Defendants' Cross-motion for summary judgment, ¶ 9.

7. More than 30 working days have passed since Plaintiffs filed their request. *Id.* ¶¶ 12-13.
   **Response**. Not in dispute. However, Defendants clarify that they have fully responded to Plaintiffs' FOIA request, and that Plaintiffs were promptly informed, upon receipt of the request, that there would be a delay in responding due to the number of pending FOIA requests. See Ex. B to Plaintiff's complaint, ECF No. 1-2; Ex. 1, Pineiro Decl., ¶ 9.

8. Defendants have yet to make a determination on Plaintiffs' request beyond its initial confirmation of receipt. *Id.* ¶ 12.

2

**Response:** Denied. Defendants have responded to Plaintiffs' request on two separate occasions. On February 28, 2024, almost three months prior to the filing of Plaintiffs' Motion for Summary Judgment, Defendants responded to Plaintiffs' FOIA request, provided 48 documents, and properly withheld information pursuant to applicable FOIA Exemptions. On July 15, 2024, Defendants re-released the documents and removed the Exemption 5 redactions. Exs. 2 and 3 to Defendants' opposition and Cross-motion for summary judgment; Ex. 1, Pineiro Decl. ¶¶ 43, 44.

9. Defendants have not sought to narrow or clarify any aspect of Plaintiffs' request. *See* Melo Decl. ¶ 22; Ex. A.

   **Response:** Denied. Defendants have responded to Plaintiff's request on two separate occasions. On February 28, 2024, almost three months prior to the filing of Plaintiffs' Motion for Summary Judgment, Defendants responded to Plaintiffs' FOIA request, provided 48 documents, and properly withheld information pursuant to applicable FOIA Exemptions. On July 15, 2024, Defendants re-released the documents and removed the Exemption 5 redactions. Exs. 2 and 3 to Defendants' Cross-motion for summary judgment; Ex. 1, Pineiro Decl. ¶¶ 43, 44.

10. ICE generates a number of records during a noncitizen's detention and ICE's attempts to remove a noncitizen. Melo Decl. ¶¶ 6-8.

    **Response.** Defendants object to this statement as vague and confusing as phrased, and not at all relevant to the FOIA request at issue. Subject to and without waiving the foregoing objection, Defendants have responded to Plaintiffs' request for records on two separate occasions. On February 28, 2024, almost three months prior to the filing of Plaintiffs' Motion for Summary Judgment, Defendants responded to Plaintiffs' FOIA

3

request, provided 48 documents, and properly withheld information pursuant to applicable FOIA Exemptions. On July 15, 2024, Defendants re-released the documents and removed the Exemption 5 redactions. See Exs. 2 and 3 to Defendants' opposition and Cross-motion for summary judgment; Ex. 1, Pineiro Decl. ¶¶ 43, 44.

11. On February 28, 2024, ICE produced 48 records regarding Plaintiff Mr. Rodriguez Guerra as part of the first production. These included exemptions of information under FOIA (b)(5), (b)(6), and (b)(7). Melo Decl. ¶¶ 15-17; Ex. B (Pages from First Production).

    **Response:** Defendants admit in part but deny this was a first production.

12. ICE has in its possession additional records responsive to Plaintiffs' FOIA request; *inter alia*, ICE has records in its electronic Post Order Custody Review system regarding Mr. Rodriguez Guerra. Melo Decl. ¶¶ 6, 20; Ex. B; Ex. D.

    **Response:** Denied. Defendants conducted a reasonable search and provided all responsive documents to Plaintiffs. Defendants have responded to Plaintiff's request on two separate occasions. On February 28, 2024, almost three months prior to the filing of Plaintiffs' Motion for Summary Judgment, Defendants responded to Plaintiffs' FOIA request, provided 48 documents, and properly withheld information pursuant to applicable FOIA Exemptions. On July 15, 2024, Defendants re-released the documents and removed the Exemption 5 redactions. Exs. 2 and 3 to Defendants' opposition and Cross-motion for summary judgment; Ex. 1, Pineiro Decl. ¶¶ 21-40, 43-44; *see also*, *Vaughn* index. Attached to Pineiro Declaration as Ex. A.

    Defendants further respond that Plaintiffs' reference in this statement to the Post Order Custody Review, and that it contains additional records, is incorrect. The Post-

Order Custody Review (POCR) is a regulatory requirement, arising from a precedential decision by the Supreme Court of the United States. Pursuant to the applicable regulations, a POCR analysis must be performed to justify a noncitizen's continued detention after being ordered removed. The electronic POCR (ePOCR) is not a database. Instead, it is a tool which replaced the previous transfer checklist and is used to ensure that certain documents are included in the review. The ePOCR does not store records or information. Ex. 1, Pineiro Decl. ¶ 33.

13. The letter attached to the first production did not provide a justification for the exemptions under (b)(5) or (b)(7). Melo Decl. ¶¶ 16-17; Ex. A.

    **Response**: Denied. The February 28, 2024 release letter has specific justifications for the Exemptions under Exemption 7. Further, Defendants have used their discretion and released the information previously withheld under Exemption 5. Exs. 2 and 3 to Defendants' opposition and Cross-motion for summary judgment.

14. On March 19, 2024, Plaintiffs' counsel sent an email requesting expedited treatment and providing written justification for expediting to Defendants. Melo Decl. ¶ 18; Ex. C, Expedite Request.

    **Response**: Admitted that Plaintiffs' counsel sent an email, but ICE released all responsive records on February 28, 2024. Plaintiff's March 19, 2024 request for expedited processing was therefore moot. Ex. 2 to Defendants' opposition and Cross-motion for summary judgment.

15. Since the first production, Defendants have not produced any additional records related to Plaintiffs' request. Melo Decl. ¶¶ 19, 22.

**Response:** Denied. On July 15, 2024, ICE made a supplemental release. The supplemental release included one additional page which had originally been identified as duplicate. Further, ICE exercised its discretion and released the information previously withheld pursuant to Exemption 5. The revised Bates numbered pages are as follows: 13, 14, 26, 32, 33, 39, 46, 47. Ex. 3 to Defendants' opposition and Cross-motion for summary judgment.

16. Defendants have not made an initial determination on Plaintiffs' request for expedited treatment as required by FOIA. Melo Decl. ¶ 22; Ex. C.

    **Response:** Denied. Defendants produced responsive records on February 28, 2024. Ex. 2. Plaintiffs' March 19, 2024 request for expedited treatment was moot at that point.

17. Defendants have not made an initial determination on Plaintiffs' original request for records as required by FOIA. ECF No. 8 (Answer) ¶ 12; Melo Decl. ¶ 19; Ex. A.

    **Response**: Denied. Defendants fulfilled their obligations under FOIA in response to Plaintiffs' request as of February 28, 2024, and again in its supplemental release of July 15, 2024. Exs. 2 and 3 to Defendants' opposition and Cross-motion for summary judgment; Ex. 1, Pineiro Decl. ¶¶ 43, 44 and Attach. A, *Vaughn* index.

Dated: August 15, 2024  
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052  
United States Attorney

BRIAN P. HUDAK  
Chief, Civil Division

By:       */s/ Thomas W. Duffey*  
THOMAS W. DUFFEY  
Assistant United States Attorney  
601 D Street, NW  
Washington, DC 20530

(202) 252-2510
Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*