UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 23-3344 (CJN) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Defendants, the Department of Homeland Security ("DHS"), and Immigrations and Customs Enforcement ("ICE") (collectively "Defendants"), hereby submit this statement of material facts as to which there is no genuine issue, pursuant to Local Civil Rule 7(h)(1), in support of their cross-motion for summary judgment.

1. ICE promptly responded to Plaintiffs' August 29, 2023 FOIA request on September 15, 2023, assigning the request tracking number 2023-ICFO-40841, and informing Plaintiffs' counsel that due to the large number of FOIA requests received by ICE, there would be a delay in processing the request, and that the request would "necessitate a thorough and wide-ranging search…" See Ex. B to Plaintiff's complaint, ECF No. 1-2.

2. In response to an October 12, 2023 inquiry from Plaintiffs, the ICE FOIA Office responded the following day, stating: "[a]s of today, your request is currently pending the search for responsive documents. If any responsive records are located, they will be reviewed for a determination of releasability." See Ex. 1, the Declaration of Fernando Pineiro of ICE, ¶ 9 ("Pineiro Decl.").

1

3. The ICE FOIA Office again informed Plaintiffs' counsel that it was experiencing delays and would respond to Plaintiffs' request as expeditiously as possible. *Id*.

4. Shortly thereafter, Plaintiffs filed their complaint on November 8, 2023. ECF No. 1.

5. On February 28, 2024, Defendants provided Plaintiffs with its response to the FOIA request, producing 48 pages with partial withholdings pursuant to FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(E). Pineiro Decl., ¶¶ 43, 44; Ex. 2, ICE's release letter.

6. Defendants also withheld information pursuant to Exemption (b)(5) in the February 28, 2024 release. Ex. B to Plaintiffs' motion for summary judgment.

7. Although (b)(5) Exemptions were properly applied, ICE decided to exercise its discretion and lift those redactions. Pineiro Decl. at fn. 3; Ex. 3 to Defendants' opposition and Cross-motion.

8. Plaintiffs have not challenged the withholdings made pursuant to Exemptions 6 or 7(C), only 7(E). *Id.*; See also, Pl. Mot.

9. Information was re-released to Plaintiffs in a supplemental release on July 15, 2024, of 49 pages. Ex. 3, release letter; Pineiro Decl. ¶ 34.

10. The one additional page consisted of a page that had been previously marked as a duplicate in the February 28, 2024 release but was found to be responsive. *Id*.

11. Plaintiffs have been provided with all records responsive to their request on two occasions, and the first response was provided before Plaintiffs even filed their motion for summary judgment. Exs. 2, 3; Pineiro Decl. ¶¶ 43, 44.

12. After reviewing Plaintiff's FOIA request, the ICE FOIA Office determined that because of the subject matter, the Office of Enforcement and Removal Operations ("ERO") and

Homeland Security Investigations ("HIS") were the program offices likely to have responsive records.  Pineiro Decl. ¶ 22.

13.  Therefore, based on their subject matter expertise and knowledge of the agency record systems, the ICE FOIA Office instructed these two program offices to conduct a comprehensive search for records and to provide all potentially responsive records located during that search to the ICE FOIA Office for review and processing.  *Id*. ¶ 22.

14.  Accordingly, all locations likely to contain records responsive to Plaintiffs' FOIA Request were searched.  *Id.*

15.  ERO is responsible for the arrest and removal of aliens, managing ICE detention operations and providing medical and mental health care to persons in ICE custody. *Id.* ¶ 23.

16.   HSI is the principal investigative arm of DHS, responsible for investigating transnational crime and threats, specifically those criminal organizations that exploit the global infrastructure through which international trade, travel and finance move.  *Id.*  ¶ 23.

17. ERO oversees programs and conducts operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States. *Id*. ¶ 24.

18. ERO prioritizes the apprehension, arrest, and removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls. *Id.*

19.  ERO manages all logistical aspects of the removal process, including domestic transportation, detention, alternatives to detention programs, bond management, and supervised release. *Id*.

20. ERO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to ERO's Information Disclosure Unit ("IDU"). *Id.* ¶ 25.

21. IDU reviews the substance of the request and based on the subject matter expertise and knowledge of the program offices' activities within ERO, IDU determines whether it can search for records, or whether it is necessary to forward the FOIA request to specific individuals and component offices to conduct searches of their file systems which in their judgement, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any. *Id*.

22. After this lawsuit was initiated, ERO was again tasked with performing a search. *Id.* ¶ 26.

23. On December 14, 2023, upon receipt of the supplemental FOIA tasking from the ICE FOIA Office, a Management & Program Analyst at ERO conducted a search of two ICE databases, CIS and EARM, using the terms "Rodriguez Guerra, Carlos," "03/16/1997," and "A216684164." *Id*. ¶ 27.

24. On the same day, a Deportation Officer ("DO") at ERO conducted a search of his/her own sent and received emails using the terms "Carlos Rodriguez Guerra," and "A216684164." *Id*. ¶ 28.

25. Four days later, on December 18, 2023, a second Deportation Officer at ERO conducted a search of the EARM database using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id.* ¶ 29.

26. The officer also conducted a search of his/her own computer using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id.*

4

27. Lastly, the officer conducted a search of his/her own sent and received emails using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id*.

28. On that same day, a Supervisory Deportation and Detention Officer ("SDDO") at ERO conducted a search of his/her own computer using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id*. ¶ 30.

29. The SDDO also conducted a search of his/her own sent and received emails using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id*.

30. In addition, on December 18, 2023, an Assistant Field Office Director at ERO conducted a search of his/her own sent and received emails using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id*. ¶ 31.

31. In total, 73 pages of potentially responsive records were found and sent to the ICE FOIA Office for review and processing. *Id*. ¶ 32.

32. The Post-Order Custody Review (POCR) is a regulatory requirement, arising from a precedential decision by the Supreme Court. *Id*. ¶ 33.

33. Pursuant to the applicable regulations, a POCR analysis must be performed to justify a noncitizen's continued detention after being ordered removed. *Id*.

34. The electronic POCR (ePOCR) is not a database; instead, it is a tool which replaced the previous transfer checklist and is used to ensure that certain documents are included in the review. *Id.*

35. The ePOCR does not store records or information. *Id*. ¶ 33.

36. ICE reprocessed and released the Request for Acceptance of Alien (Form I-241) to the Dominican Republic. The I-241 for the Dominican Republic was inadvertently marked as a duplicate in the February 28, 2024, production. *Id*. ¶ 34.

37. ERO conducted a reasonable search for responsive records, which did not locate a Form I-241 to Chile. *Id.* ¶¶ 27-31, 35.

38. On June 25, 2024, a Deportation Officer at ERO conducted a supplemental search of his/her own sent and received emails using the terms "Carlos Rodriguez Guerra," and "A216684164." *Id.* ¶ 36.

39. The officer also conducted a supplemental search of his/her own computer using the terms "Carlos Rodriguez Guerra" and "A216684164." *Id.*

40. The supplemental search did not locate a I-241 for Chile. *Id.* ¶¶ 36-37.

41. ICE HSI is responsible for investigating a wide range of domestic and international activities arising from the illegal movement of people and goods into, within and out of the United States. *Id.* ¶ 38.

42. HSI uses its legal authority to investigate criminal activities such as immigration crime; child exploitation; human rights violations and human smuggling; smuggling of narcotics, weapons and other types of contraband; and financial crimes, cybercrime and export enforcement issues. *Id.*

43. In addition to ICE criminal investigations, HSI oversees the agency's international affairs operations and law enforcement intelligence functions. *Id.*

44. On December 12, 2023, upon receipt of the initial tasking from the ICE FOIA Office, a Management Program Analyst reviewed the request and conducted a search for responsive records. *Id.* ¶ 39.

45. The analyst conducted a search of the ICM database using the terms "Roberto Carlos Rodriguez Guerra," "Roberto Rodriguez Guerra," "Roberto Guerra," "Roberto Rodriguez,"

"Carlos Rodriguez Guerra," "Carlos Rodriguez," and "Carlos Roberto Guerra Rodriguez."  No responsive records were found.  *Id*. ¶¶ 39-40.

46. Plaintiffs' counsel submitted a power point explaining POCR process, which identifies ePOCR as a module (Pl. Mot., Ex. D, p. 4).

47. Defendants searched in the repositories likely to contain the requested information and appropriate personnel with knowledge of the request and the various repositories conducted the searches.  Pineiro Decl. ¶¶ 21-40.

48. Responsive documents were provided to Plaintiff on two occasions, on February 28, 2024, almost three months before summary judgment was filed, and on July 15, 2024. Exs. 2 and 3.

49. Defendants applied appropriate exemptions to the produced documents pursuant to Exemption 7(E).  Pineiro Decl. ¶¶ 41-52 and Attach. A thereto, *Vaughn* index.

50. The records and information at issue in this matter were compiled for law enforcement purposes because they pertain to ICE's obligation to enforce the immigration laws of the United States by arresting noncitizens who may be present in the United States illegally and placing certain categories of detainees in ICE-authorized detention facilities for the duration of their immigration proceedings, as appropriate.  Pineiro Decl. ¶ 47.

51. Documents responsive to Plaintiff's FOIA request were compiled as part of an effort by ICE Office of the Principal Legal Advisor and specifically Office of Chief Counsel Washington, to effectively represent ICE and its interests in immigration law proceedings both in immigration court and before the U.S. District Court for the District of Columbia, in order to ensure that ICE is able to effectively enforce immigration laws in this jurisdiction.  *Id*.

52. The information withheld pursuant to Exemption 7(E) include: case number; case ID; person ID; event number; event ID; operation name; historical priority; DNA collection device number; and site code. Pineiro Decl. ¶¶ 48-52, Attach. A (*Vaughn* index), Opp'n Ex. 1.

53. The codes are used to track information associated with immigration enforcement actions, such as the organization of cases, geographic locations, and other encounter-related information. Pineiro Decl. ¶¶ 48-52, Attach. A (*Vaughn* index), Opp'n Ex. 1.

54. The codes also identify the public safety classifications of noncitizens and the names of law enforcement operations. Pineiro Decl. ¶¶ 48-52, Attach. A (*Vaughn* index), Opp'n Ex. 1.

55. Disclosure of the information withheld pursuant to Exemption 7E risks circumvention of the law. Pineiro Decl. ¶¶ 48-52, Attach. A (*Vaughn* index), Opp'n Ex. 1.

56. The Defendants conducted a line-by-line review of the records and have provided Plaintiffs with all reasonably segregable information. Pineiro Decl. ¶¶ 53-55, Attach. A (*Vaughn* index), Opp'n Ex. 1.

* * *

Dated: August 15, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:      */s/ Thomas W. Duffey*
     THOMAS W. DUFFEY
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2510
     Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*